UNITED STATES v. EASTMAN KODAK CO. OF NEW YORK et al.

(District Court, W. D. New York. January 17, 1916.)

1. MONOPOLIES ☞24—SUIT TO DISSOLVE—MANNER OF DISSOLUTION.

A proposed plan for the abrogation of an illegal monopoly in photographic cameras, films, papers, and plates, which did not provide for the separation of the business of manufacturing the various units of manufacture, did not afford the relief to which the government was entitled, where the various units were combined with the intention of monopolizing and restraining trade in such products, and their manufacture constituted the monopoly, even though some of such units were fairly noncompeting.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 17; Dec. Dig. ☞24.]

2. MONOPOLIES ☞24—SUITS TO PREVENT—LACHES.

The doctrine of laches was inapplicable to a suit to abrogate an illegal monopoly, where some of the acts in furtherance of the monopoly were committed just before the filing of the bill, and in addition to this defendants were apprised before the beginning of the suit that their methods of doing business were deemed by the government violations of the statute.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 17; Dec. Dig. ☞24.]

3. MONOPOLIES ☞24—SUITS TO PREVENT—FORM OF JUDGMENT.

In a suit to abrogate an illegal monopoly in photographic supplies, in which it had been determined that the government was entitled to a decree in its favor, proposed final decree held proper.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 17; Dec. Dig. ☞24.]

In Equity. Proceeding by the United States against the Eastman Kodak Company of New York and others. On petition for approval of plan for abrogation of illegal monopoly, or for reference to the Federal Trade Commission. Reference denied, and decree signed.

For former opinion, on the hearing of the merits, see 226 Fed. 62.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defendants on November 23, 1915, submitted a plan, under the opinion of August 24, 1915, and on January 7, 1916, filed a petition that, if the court did not approve this plan, the suit be referred to the Federal Trade Commission to ascertain and report an appropriate form of decree.

Mark Hyman, of New York City, and John Lord O'Brian, of Buffalo, N. Y., Sp. Asst. Attys. Gen., for the United States.

William S. Gregg and J. J. Kennedy, both of New York City, for defendants.

HAZEL, District Judge. [1] 1. I have given consideration to the proposed plan for the abrogation of the illegal monopoly which the court has heretofore found unduly and unreasonably restrained interstate trade and commerce in photographic supplies, and think such proposed plan would not afford the relief to which the government is entitled. A dissolution of the monopoly created by the illegal methods specified in the opinion filed herein is not included in the proposed plan; it fails to provide for a separation of the business—the manufacture of cameras, films, papers, and plates.

The argument of counsel for the defendants that these articles are noncompeting, and that a division of the business into separate entities could not create competitive conditions, has again been considered by me; but as their manufacture constitutes the monopoly, which it has been held was not achieved by purely legitimate means I must adhere to my original views on this question. I think that, as various units of manufacture and production (even assuming some of them to be fairly noncompeting) were combined with the intention of monopolizing and restraining trade in such products, and as objectionable practices were resorted to, something must be done to separate or divide the business into independent companies in order to restore competitive conditions. This, I think, is not impossible, and may be done without greatly prejudicing the property interests involved. In any event the mere removal of incidental evils and practices would tend to legalize the monopoly.

A re-examination of United States v. St. Louis Terminal Co., 224 U. S. 383, 32 Sup. Ct. 507, 56 L. Ed. 810, United States v. Great Lakes Towing Co. (D. C.) 208 Fed. 733, and the Keystone Watch Case (D. C.) 218 Fed. 502, satisfies me that they do not point out the nature of the decree that should be entered in this case. At first I was inclined to think they did, but I am now convinced to the contrary. The larger portion of the business of the Towing Company related to towing vessels into local harbors. The towing tugs were not engaged in interstate commerce, and it can scarcely be held that there was competition between such tugs and tugs in other ports. It was not unlike the St. Louis Terminal Case, wherein the Supreme Court permitted the elimination of illegal practices which were in the nature of administrative conditions; the illegal combinations, consisting of terminal facilities, not being otherwise engaged in restraining interstate trade.

[2] 2. The doctrine of laches is inapplicable herein, as some of the acts in furtherance of the illegal monopoly were committed just be-

fore the filing of the bill, and in addition to this the defendants were apprised before the beginning of the suit that their methods of doing business were deemed by the government violations of the Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [Comp. St. 1913, §§ 8820–8830]).

[3] 3. The final decree submitted by the government is thought satisfactory, but I shall withhold my signature for a few days to give the defendants an opportunity to make known any objections they may have to the form thereof. This proposed decree will enable the defendants to take an appeal to the Supreme Court and have the important questions herein involved determined once and for all. In the meantime an interlocutory decree may be entered, the terms of which may be settled on application for a supersedeas.

4. There is no necessity at this time for referring the matter to the Federal Trade Commission, as such procedure may be resorted to after a decision has been rendered on the appeal by the Supreme Court.

The decree signed by the court and duly entered is as follows:

"This cause came on to be heard at this term and was argued by counsel; and thereupon, upon consideration thereof, it was ordered, adjudged, and decreed as follows, viz.:

"(1) The defendants George Eastman, Henry A. Strong, Walter S. Hubbell, and Frank S. Noble (hereinafter called the individual defendants), and Eastman Kodak Company of New York and Eastman Kodak Company of New Jersey (hereinafter called the corporate defendants), have combined, conspired, and participated in various transactions directly affecting the trade and commerce among the several states in photographic supplies, consisting of cameras, films, plates, and photographic paper, with the purpose and intent of unduly and unreasonably suppressing competition and restraining and monopolizing such trade in violation of the act of July 2, 1890, entitled 'An act to protect trade and commerce against unlawful restraints and monopolies.' Thereby the corporate defendants have engrossed and monopolized, and will engross and monopolize, between 75 and 80 per cent. of such trade, and accordingly attained, and now hold, an illegal monopoly thereof, which in and of itself, as well as each and all of the elements composing it, whether corporate or individual, whether considered separately or collectively, violates sections 1 and 2 of said act of July 2, 1890. Said monopoly was induced by wrongful contracts with regard to raw paper stock, by preventing the trade from obtaining such stock, by acquiring competing plants, businesses, and stock houses, dismantling acquired plants, and restraining the vendors from re-entering the business, by imposing on photographic dealers arbitrary and oppressive terms of sale, and other regulations inconsistent with fair and free dealing, and arbitrarily enforcing the same through the establishment of a system of espionage and the keeping of records of violations, with a view of penalizing dealers, by limiting the number of dealers, and in general by suppressing competition by the foregoing and other means.

"(2) The individual defendants, and the corporate defendants, their subsidiaries, and their successors, together with their respective officers, directors, agents, servants, and employés, are hereby severally enjoined from continuing or carrying into further effect the monopoly herein adjudged illegal, or any of the contracts, conspiracies, restraints on trade, terms of sale, regulations, or practices, or any similar acts, which induced said monopoly, or which might in the future restrain commerce in photographic supplies among the states, or induce or prolong an unlawful monopoly of such commerce.

"(3) The monopoly herein adjudged illegal shall be abrogated, and to that end the business and assets of the defendants Eastman Kodak Company, a corporation of New Jersey, and Eastman Kodak Company, a corporation of New York, be divided in such manner and into such number of parts of separate and distinct ownership as may be necessary to establish competitive

conditions and bring about a new condition in harmony with law; and the defendants shall file with the clerk within 90 days from the entry of this decree a plan for such separation and division for the consideration of this court. In the event this case is appealed and the decree superseded within 60 days from the entry thereof, the time within which the defendants shall file said plan is hereby extended to 60 days from the filing of the mandate of the Supreme Court with the clerk of this court. Jurisdiction is retained by the court to make such additional orders or decrees as may be necessary to carry this decree into effect.

"(4) Inasmuch as trade in cinematograph film and foreign trade in photographic supplies are not covered by the petition herein of the United States of America, no decree in regard to such subjects is made herein, but without renouncing the power and duty of this court to deal with all the property and business of every character of the corporate defendants in effecting the abrogation of the monopoly herein adjudged illegal.

"(5) Nothing in this decree contained shall prevent the defendants, or any of them, from the institution, prosecution, or defense of any suit, action, or proceeding involving any of their property or rights. ·

"(6) The petitioner shall recover from the defendants the costs of this suit to be duly taxed herein.

"(7) The injunction granted by the second subdivision of this decree shall take effect 60 days after the entry of this decree, in case no appeal is taken from it. If an appeal be taken, and the decree be superseded, its operations shall be suspended until such time as shall be fixed in the final decree of this court entered on the mandate of the Supreme Court."